NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2339
_____

STEPHEN W. LEIBHOLZ,

Appellant

v.

ROBERT J. HARIRI
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-05-cv-05148)
District Judge: Honorable Dickinson R. Debevoise
_____

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2013

Before: SCIRICA, AMBRO, and FUENTES, Circuit Judges

(Opinion filed: January 15, 2013 )

_____

OPINION
_____

AMBRO, Circuit Judge

Stephen Leibholz appeals an order of the District Court granting summary

judgment in favor of Robert Hariri in this suit stemming from an alleged breach of

contract. We affirm.

Because we write for the parties and in the shadow of the very thorough and well-reasoned opinion of Judge Debevoise, we recite only those facts necessary to our decision. In 2000, Hariri was looking for ways to generate revenue for his struggling bio-tech company, Lifebank, Inc., when he was introduced to Leibholz, a businessman and physicist involved in federal contracting. The two developed a professional relationship. Leibholz suggested the creation of a non-profit organization related to Lifebank that could seek federal funding unavailable to Lifebank, and assisted in the creation of that organization. The two also discussed Lifebank's limited ability to pay Leibholz and the possibility that Leibholz would provide consulting services for Lifebank in exchange for stock or a stock swap with Leibholz's company. On September 29, 2000, Hariri wrote Leibholz a letter that read:

> Dear Steve:
>
> As we have previously discussed, I have wanted to find a means for you to participate in LIFEBANK on an equity basis. In my mind the relationship we have developed is unique and should continue to be mutually rewarding for years to come. I see providing you with a stake in LIFEBANK as an incentive for further collaboration.
> Toward that end, I have come up with a package comprised of 20,000 shares of my personal stock which I pledge to distribute to you at the next annual meeting combined with 20,000 warrants to purchase common stock at $5.00/share, exercisable through December 31, 2005. . . .
> Obviously, there can be additional future incentive through stock options and warrants to reflect ongoing contributions.
> I look forward to working with you in the future.

App. at 118.

Hariri did not transfer any stock at the next annual meeting. He and Leibholz continued to have a relationship until early 2002 when they fell out of touch. Lifebank

2

later merged with Celgene Inc., a pharmaceutical and biotech company. When Leibholz learned about the merger in 2004, he sent Hariri a letter requesting "appropriate action" on the September 29 letter. Hariri refused to remit the requested 40,000 shares, and Leibholz brought this suit asserting claims for breach of contract, promissory estoppel, equitable estoppel, common law fraud, securities fraud, and state RICO violations. The basis of Leibholz's claims is that the September 29 letter either confirmed an existing oral agreement or was an offer and acceptance that created an enforceable contract between Hariri and himself entitling him to the Lifebank shares.

The District Court dismissed the promissory estoppel and securities fraud claims in 2006. It later granted summary judgment in favor of Hariri on the remainder of Leibholz's claims, finding that the September 29 letter was too indefinite about the terms of Leibholz's performance to be an enforceable contract. Leibholz appeals the District Court's determination on the breach of contract, equitable estoppel, and common law fraud claims.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and we have appellate jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment *de novo* and apply the same test that court should have used. *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 514 (3d Cir. 2012). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a  matter of law." Fed. R. Civ. P. 56(a).

Under the New Jersey law applicable in this case, "'[a] contract arises from offer and acceptance, and must be sufficiently definite so that the performance to be rendered

3

by each party can be ascertained with reasonable certainty.'" *Baer v. Chase*, 392 F.3d 609, 618–19 (3d Cir. 2004) (quoting *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992)). If the parties agree on the essential terms of a contract and express an intent to be bound by those terms, courts will enforce that agreement, but generally a contract is unenforceable if the parties failed to agree on one or more essential term(s). *Id.* at 619.

The September 29 letter does not define the terms of Leibholz's performance, an essential element. Leibholz argues that his performance can be inferred from the parties' discussions and behavior prior to September 29, 2000. Reviewing the record in a light most favorable to Leibholz, there is no evidence that the parties agreed, among other things on the nature, scope or duration of any of Leibholz's undertakings on behalf of Lifebank, either prior to or after the letter.

For these reasons and those given by Judge Debevoise, the District Court correctly concluded that there was no enforceable contract because the performance to be rendered by Leibholz in exchange for the remuneration listed in the September 29 letter cannot "be ascertained with reasonable certainty." *Baer*, 392 F.3d at 618–19. Leibholz's other claims are premised on whether the September 29 letter was an agreement that Hariri would compensate Leibholz. It was not, and summary judgment in favor of Hariri on those claims was in order as well.

We affirm.

4